In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00219-CR


______________________________





IN RE:


MICHAEL HOLMES








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 On July 11, 1994, Michael Holmes was sentenced by the Fifth Judicial District Court of Cass
County to serve a fifteen-year jail term. Holmes claims the trial court awarded him 152 days for jail
time already served. By petition for writ of mandamus, Holmes complains of an alleged failure to
rule on his motion to "Recind [sic] Petitioner's Judgment and Sentence," filed with the trial court
June 10, 2008. The substance of the motion supposedly requested that Cass County "recind [sic]"
his judgment to the Texas Department of Criminal Justice-Correctional Institutions Division so that
it could properly calculate his release date based on the award of "152 days jail time." Because
Holmes has not waited for the trial court to rule and has not provided this Court with a copy of the
motion or record below demonstrating entitlement to a writ of mandamus, his petition is denied. 

 Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion
or violation of a duty imposed by law when no other adequate remedy by law is available. State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984). Due to the nature of this remedy, it is Holmes' burden
to properly request and show entitlement to the mandamus relief. See generally Johnson v. Fourth
District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant
for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). 

 While mandamus may issue to compel the trial court to act on a properly filed and pending
motion, a trial court must have reasonable time to rule. Safety-Kleen Corp. v. Garcia, 945 S.W.2d
268, 269 (Tex. App.--San Antonio 1997, orig. proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.--Amarillo 2001, orig. proceeding). No bright line defines the boundaries of what may be
considered reasonable. Chavez, 62 S.W.3d at 228. Instead, whether the court has acted within a
reasonable time depends on the particular circumstances of the case and rests on a "myriad of
criteria." Id.

 The absence of a mandamus record prevents us from evaluating the circumstances of this
case and, consequently, the merits of Holmes' complaints. See Tex. R. App. P. 52.7; Barnes, 832
S.W.2d at 426. Holmes had the obligation to provide us with evidence against which we could test
the reasonableness of the trial court's alleged delay. Holmes did not provide us with a record
demonstrating that the motion to rescind judgment and sentence was properly filed and that he asked
the trial court to hear or rule on the motion. Consequently, we cannot determine that the trial court
refused to consider the matter and rule on the motion in an untimely fashion. 

 We deny the petition for writ of mandamus. 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 25, 2008

Date Decided: November 26, 2008


Do Not Publish



 Name="Light List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00110-CR

                                                ______________________________

 

 

 

                                                  IN
RE ISAIAH SCOTT BOONES

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Isaiah
Scott Boones has petitioned this Court for mandamus relief, seeking to have
this Court direct the trial court to conduct a hearing and rule upon Boones
motion for a free copy of the clerks and reporters records from Boones
trial.[1]  We find mandamus relief is not available to
Boones and deny his request. 

            Mandamus
is an extraordinary remedy that issues only to correct a clear abuse of
discretion or violation of a duty imposed by law when no other adequate remedy
at law is available.  State v. Walker, 679 S.W.2d 484, 485
(Tex. 1984) (orig. proceeding).  The
standard for mandamus relief articulated by the Texas Court of Criminal Appeals
requires the relator to establish that: 
(1) there is no adequate remedy at law to redress the alleged harm;
and (2) only a ministerial act, not a discretionary or judicial decision, is
being sought.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Due to the nature of this remedy, it is Boones
burden to properly request and show entitlement to mandamus relief.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.Houston [1st Dist.] 1992, orig.
proceeding) (per curiam) (Even a pro se applicant for a writ of mandamus must
show himself entitled to the extraordinary relief he seeks.).

            Boones
filed a motion in the trial court seeking a free copy of the clerks and
reporters records.  He later filed a
motion requesting a hearing and ruling on the motion for a free record.  The trial court signed an order denying Boones
request.  Specifically, the order stated:

            On
June 28, 2010, came on to be considered Isaiah Scott Booness Motion for a
Hearing and a Ruling on Movants pro se motion for Free Clerks Records and
Transcripts of Movants Trial, relying on Texas Open Records Act Government
Code Chapter 522 Public Information ACT and said motion is hereby . . .
(Denied).[2]  

 

Notwithstanding the entry of this order,
on October 12, 2010, Boones once again filed a motion requesting a hearing and
a ruling on his request for free clerks and reporters records of his
trial.  On January 26, 2011, an order
identical to that quoted above was signed by the trial court, again denying
Boones request.[3]  It is this second denial which prompted
Boones to file his petition for writ of mandamus with this Court.

            Boones
request for copies of his trial records were made to the trial court citing
Government Code § 552.023.  Tex. Govt Code Ann. § 552.023 (Vernon
2004).  We neither independently find
anything in that statute, nor has Boones pointed us to any part of that law
which would mandate that a trial court hold a hearing on such a motion.[4]  Absent such a requirement, the trial courts
decision whether to conduct a hearing on Boones motion for a free record lay
within the trial courts discretion.  In
other words, Boones has not demonstrated a ministerial duty by the trial court
which that court failed to perform.  See Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

            Although
his request for mandamus relief is made conjunctively, a liberal reading of
Boones petition could conclude he has also asked this Court to compel the
trial court to rule on Boones motion for a free copy of his trial record.  The trial courts order[5]
of denial could be construed in more than one way.  It could be taken to mean the trial court
denied only Boones request for a hearing; alternatively, it could be taken as
both a denial of the requested hearing and a denial of the motion for a free
record.  If taken to be a denial of
Boones motion for a free record, we do not find from the record before us that
the trial court failed to perform a ministerial duty. 

            Boones
appealed the conviction from which he now seeks free records to this Court in
2004, and the records of that appeal reveal that he was then represented by
appointed counsel.  From this fact, we
can infer he was declared indigent at the time of his appeal.  As an indigent, he would have been entitled
to a free copy of the clerks and reporters records at that time.  See Tex. Govt Code Ann. § 52.047 (Vernon
Supp. 2010); Tex. R. App. P.
20.2.  Based on the analysis conducted in
our 2005 opinion reviewing Boones conviction, it is clear that a record was
prepared; under the rules and law in place at that time, Boones or his counsel
would have received free copies of the very records he now seeks to be
provided.  Whether to provide an
additional copy of that record to Boones now would be a matter of discretion for
the trial court.  Since it is within the
trial courts discretion, it is not a matter subject to mandamus relief.

            We
deny Boones petition.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          June 6, 2011

Date
Decided:             June 7, 2011

 

Do Not
Publish

 











[1]This
Court affirmed Boones conviction for aggravated assault with a deadly weapon,
wherein Boones was sentenced to eighty years imprisonment.  Boones
v. State, 170 S.W.3d 653 (Tex. App.Texarkana 2005, no pet.).  There is no indication from Boones filing
whether he has attempted to contact his attorney for a copy of his records. 





[2]Based
on the form and typeset of this order, as well as other documents filed by
Boones, it appears this proposed order was prepared by Boones and attached to
his motion for a hearing. 

 





[3]The
order states the motion came to be heard on January 26, 2010, but the file mark
indicates it was filed January 27, 2011. 

 





[4]We
compare this situation with those presented by other statutes.  For example, in an application for
post-conviction habeas corpus relief, a trial court may conduct an evidentiary
hearing or simply compile evidence through written documents and other
means.  See Tex. Code Crim. Proc.
Ann. art. 11.07, § 3(d) (Vernon Supp. 2010).  A trial court is not required to hold a
hearing before dismissing a claim filed under Chapter 14 of the Civil Practice
and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. §
14.003(c) (Vernon 2002).  However, in
some situations a hearing must be held.  See Eli
Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (orig.
proceeding) (trial court abused discretion by not holding hearing and reaching
decision in products liability suit on discovery issue; hearing required to
address claims of trade secrets under Tex.
R. Civ. P. 76a(4)); Chiles v.
Schuble, 788 S.W.2d 205, 207 (Tex. App.Houston [14th Dist.] 1990, orig.
proceeding) (mandamus appropriate to compel trial court to hold hearing and
exercise discretion on whether to enforce post-divorce support order; without
hearing, relator precluded from developing record); see also Flores v. State, 18 S.W.3d 796, 798 (Tex. App.Austin
2000, no pet.) (trial court decision not to conduct hearing on motion for new
trial reviewed for abuse of discretion). 


 





[5]Although
two orders were signed by the trial court, as explained above, they were
identical and so we will refer to them in the singular for this discussion.