The STATE of Texas, Relator,

v.

The Honorable Dee Brown WALKER, Judge, 162nd District Court, Respondent.

No. C–3090.

Supreme Court of Texas.

Nov. 7, 1984.

Jim Mattox, Atty. Gen., Scott Lyford, Asst. Atty. Gen., Austin, Henry Wade, Dist. Atty., Karen Chilton Beverly and Kathi Alyce Drew, Asst. Dist. Attys., Dallas, for relator.

Leo C. Michaud, Seagoville, for respondent.

SPEARS, Justice.

In this original mandamus proceeding, the State of Texas seeks to compel Judge Walker to reinstate a temporary injunction against Gibson Products Company, Inc. This cause has been pending in the 162nd Judicial District Court of Dallas County since December 1975. We hold that the temporary injunction was dissolved in violation of a mandate of this court, and we order the injunction reinstated.

The underlying cause of action is a suit by the State to enjoin Gibson Products from selling certain items on consecutive Saturdays and Sundays in violation of Tex.

Rev.Civ.Stat.Ann. art. 9001 (Vernon Supp. 1984), commonly known as the "Texas Blue Law" or "Sunday Closing Law." Judge Walker granted a temporary injunction in December of 1975. Gibson Products appealed the order directly to this court on the grounds that article 9001 was unconstitutional, but this court reaffirmed the constitutionality of article 9001 and specifically approved the temporary injunction. *Gibson Products Co. v. State*, 545 S.W.2d 128 (Tex.1976), *cert. denied*, 431 U.S. 955, 97 S.Ct. 2677, 53 L.Ed.2d 272 (1977).

Two years later H.R. Gibson, Jr., president of Gibson Products, sued eight other retailers for violating article 9001 and sought the same relief which had been granted against Gibson Products. The State intervened, and the suit was consolidated with the *State v. Gibson Products Co.* cause which had still not been tried on the permanent injunction. The eight other retailers moved for summary judgment claiming that article 9001 was unconstitutional. In a judgment signed by Judge Walker on December 2, 1981, the motion for summary judgment was granted, and all temporary injunctions pending in the cause were dissolved, including the one against Gibson Products approved by this court.

Mandamus will lie to correct an action of a trial judge who commits an abuse of discretion or a violation of a clear duty under the law and when there is no other adequate remedy at law. *State Bar of Texas v. Heard*, 603 S.W.2d 829, 834 (Tex. 1980). We must determine, therefore, whether Judge Walker acted in violation of a clear duty or in abuse of discretion and whether the state has been left without a clear, adequate remedy at law.

Although granting or dissolving a temporary injunction is generally within the trial court's discretion, this temporary injunction had been previously affirmed by this court. Thus, the judgment enjoining Gibson Products became a judgment of both the trial court and this court. *City of Tyler v. St. Louis Southwestern Ry.*, 405 S.W.2d 330, 332 (Tex.1966). Dissolving the injunction was therefore a violation of a mandate of this court for which mandamus will lie. *See Texas Aeronautics Comm'n v. Betts*, 469 S.W.2d 394 (Tex.1971). The rule prohibiting interference by the trial court with decisions by appellate courts on interlocutory appeals has recently been codified in Tex.R.Civ.P. 385b(d).

In response, Gibson Products cites *St. Louis Southwestern Ry.* for the proposition that a district judge may dissolve an injunction, even though it has been previously affirmed or ordered by this court, if there is evidence of changed conditions which necessitate ending the restraint. The permanent injunction in *St. Louis Southwestern Ry.* was over sixty years old, and would last forever unless a means were provided to demonstrate that the restraint should be lifted. The present case involves a temporary injunction which issued only for the period of time until trial is held on the permanent injunction. Having been affirmed on appeal, this temporary order should not have been subject to being dissolved before trial, even though several years have passed. A trial court has adequate means to ensure that there are no excessive delays in trying the permanent injunction. The trial court's delay since December 1975 in ruling upon the permanent injunction is inexcusable.

A general requirement for a writ of mandamus is the lack of a clear and adequate remedy at law, such as a normal appeal. In the present case, appellate action has already established the validity of this temporary injunction and the constitutionality of article 9001. In view of our holding that dissolving the temporary injunction violates a previous mandate of this court, it is improper to force the relator to re-establish the injunction's validity by more appeals. A mandamus to compel compliance with this court's judgments is proper. *See Texas Aeronautics Comm'n*, 469 S.W.2d at 398; *Sparenberg v. Lattimore*, 134 Tex. 671, 139 S.W.2d 77, 80 (1940).

We therefore hold that Judge Walker's order dissolving the temporary injunction was an abuse of discretion and is vacated, and the temporary injunction is hereby ordered reinstated. Judge Walker is further ordered to proceed to trial and judgment forthwith on the permanent injunction. We anticipate Judge Walker will act consistently with this opinion, and the writ of mandamus will issue only upon his failure to do so.