TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00118-CV






Erik Thor Trove, Appellant



v.



Wayne Scott, Director, Texas Department of Criminal


Justice--Institutional Division, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 98-09033, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 






 Erik Thor Trove appeals the denial of his motion for temporary restraining order
and the dismissal of his cause of action. We will affirm the trial court's judgment.

 Trove is serving a thirty-five-year sentence for murder. He asserts that prison
conditions, the length of his sentence, and the denial of his parole have made him want to starve
himself to death. He has not stopped eating, but seeks an order restraining Wayne Scott, the
director of the Texas Department of Criminal Justice--Institutional Division, from initiating
medical procedures to sustain his life should he embark on such a course of action. He wishes to
avoid a repeat of the situation in August 1988 when prison officials force-fed him when he was
thirteen days into a hunger strike.

 Scott moved to dismiss the cause on procedural and substantive grounds. He
contended that Trove failed to follow many of the procedures required for inmates proceeding in
forma pauperis. Scott contended further that Trove's real complaints are with prison conditions
and should be addressed first in the proper administrative forum for those complaints. He urged
that the suit was malicious and frivolous.

 The district court denied Trove's motion for a temporary restraining order and
dismissed his cause of action. The court found that Trove failed to meet the burdens entailed in
seeking a TRO--specifically, he failed to prove that Scott committed a wrongful act, that Trove
had a probable right to the relief requested, or that Trove probably will be injured.

 Because the trial-court judgment dismissing his suit does not refer to the pauper
standards, we will review this cause without reference to the special standards for inmate paupers.
We thus need not address Trove's complaints that the pauper standards should not apply because
he did not seek pauper status and instead requested that he be billed for the filing costs.

 We will review this cause for an abuse of discretion. Normally, the denial of a
TRO is not appealable. Ohlhausen v. Thompson, 704 S.W.2d 434, 436 (Tex. App.--Houston
[14th Dist.] 1986, no writ). Because that was the only relief denied before the case was
dismissed--i.e., the TRO denial was not followed by a denial of other injunctive relief--the denial
of the TRO must be reviewable. The standards for granting a TRO are similar to those for
granting a temporary injunction. Compare Tex. R. Civ. P. 680 with Sun Oil Co. v. Whitaker, 424
S.W.2d 216, 218 (Tex. 1968). We will therefore borrow from the standards for reviewing the
denial of temporary injunctions. Probable injury requires proof of imminent harm, irreparable
injury, and an inadequate legal remedy. Miller Paper Co. v. Roberts Paper Co., 901 S.W.2d 593,
597 (Tex. App.--Amarillo 1995, no writ). The decision to grant or deny an application lies in
the sound discretion of the trial court; the court's grant or denial is subject to reversal only for a
clear abuse of that discretion. Walling v. Metcalfe, 863 S.W.2d 56, 57-58 (Tex. 1993); State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984). A trial court abuses its discretion when it acts without
regard for any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).

 As Trove requests, we focus on the narrow legal issue of the denial of injunctive
relief and will not consider allegations of misdeeds by him or prison officials irrelevant to that
narrow issue. We likewise will ignore the threatening tone of some parts of his correspondence
and pleadings and Scott's speculations that Trove only seeks publicity.

 Trove has not pleaded facts entitling him to the relief requested. Though society
is more accepting of do-not-resuscitate requests by the seriously injured or seriously ill, we doubt
that society considers preventing an apparently healthy prisoner from starving to death to be an
"injury" to the prisoner. Even if Trove's desire to die makes medical assistance an injury, he has
not alleged probable injury from the potential assistance. The fact that prison officials force-fed
Trove in 1988 does not necessarily show how Scott would react to an attempt in 1999; because
Trove does not allege that he has asked Scott not to feed or revive him or that any such request
has been denied, his allegations do not show likelihood of injury. Because Trove does not allege
that he has begun his starvation or even planned a beginning date, he fails to allege imminent
injury. Nor does he explain how being fed would injure him irreparably. 

 Trove also raises some procedural complaints. He complains that some motions
by Scott do not appear in the docket sheet. He shows no harm thereby because we do not consider
motions not in the record. He complains that a cover-letter accompanying a draft order shows the
district court gave Scott's counsel legal advice about a motion. (1) The letter, however, was written
after the hearing on Scott's motions and refers to the district court's directions for drafting the
order for the court--a standard procedure intended to save courts the time of drafting orders or
correcting drafts submitted by counsel. There is no harm. Trove also complains that, though he
did not attend the hearing, the order states the court considered the oral arguments of the parties. 
This mistake is harmless because the order also recites that the court considered the pleadings of
the parties; as discussed, Trove's pleadings fail to show him entitled to the relief requested. The district court did not abuse its discretion by denying Trove's request for
temporary relief. Even if proved, his allegations would not entitle him to relief because they do
not show either that he has a probable right to the relief requested or that he probably will be
injured if the relief is denied. Because the denial of the temporary relief extinguished all relief
requested, the district court did not err by dismissing the cause. We affirm the judgment.



 

 Bea Ann Smith, Justice

Before Justice Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 29, 1999

Do Not Publish
1. The letter states, "Enclosed please find the Order on Plaintiff Trove's Motion for Temporary
Restraining Order and Defendant Scott's Motion to Dismiss incorporated into one Order as
directed by the Court in the above referenced cause."



lly, the denial of a
TRO is not appealable. Ohlhausen v. Thompson, 704 S.W.2d 434, 436 (Tex. App.--Houston
[14th Dist.] 1986, no writ). Because that was the only relief denied before the case was
dismissed--i.e., the TRO denial was not followed by a denial of other injunctive relief--the denial
of the TRO must be reviewable. The standards for granting a TRO are similar to those for
granting a temporary injunction. Compare Tex. R. Civ. P. 680 with Sun Oil Co. v. Whitaker, 424
S.W.2d 216, 218 (Tex. 1968). We will therefore borrow from the standards for reviewing the
denial of temporary injunctions. Probable injury requires proof of imminent harm, irreparable
injury, and an inadequate legal remedy. Miller Paper Co. v. Roberts Paper Co., 901 S.W.2d 593,
597 (Tex. App.--Amarillo 1995, no writ). The decision to grant or deny an application lies in
the sound discretion of the trial court; the court's grant or denial is subject to reversal only for a
clear abuse of that discretion. Walling v. Metcalfe, 863 S.W.2d 56, 57-58 (Tex. 1993); State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984). A trial court abuses its discretion when it acts without
regard for any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).

 As Trove requests, we focus on the narrow legal issue of the denial of injunctive
relief and w