6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00142-CV


______________________________





IN RE: EAPTHERN JOSEPH SMITH








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant








O P I N I O N



 Eapthern Joseph Smith has filed a Petition for Writ of Mandamus. He asks this court to order
the Honorable John Miller, judge of the 102nd Judicial District Court of Red River County, to
withdraw his order summarily denying Smith's motion for post-conviction DNA testing and to
reconsider that motion after appointing counsel as required under Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2002). 

 We requested a response from the State. We have now been provided with a copy of the
order by Judge Miller in which he appoints counsel as required by Article 64.01(c), and the request
for DNA testing should therefore proceed as required under the statute. Under these circumstances,
we conclude that the relief sought by the petition has been granted and that the petition is therefore
moot.

 The petition is denied as moot.



 Ben Z. Grant

 Justice


Date Submitted: September 30, 2002

Date Decided: October 1, 2002


Do Not Publish



="toc 7"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00059-CV

                                                ______________________________

 

 

 

                                                 IN
RE:  RICHARD M. KING, JR.

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Complaining of a number of things,
Richard M. King, Jr., seeks mandamus relief against Judge Scott McDowell, of
the 62nd Judicial District Court.  King,
previously determined to be a vexatious litigant, was barred by the then
Judge Jim Lovett of the 6th Judicial District Court from filing anything under
any law, statute, rule or authority . . ., without first obtaining the
permission of the presiding judge of the 6th District Court.  A suit filed by King against Marvin Ann
Patterson and her deputy clerks for withholding . . . evidence . . . that would
result in the reversal of Kings wrongful conviction, was dismissed by Judge
McDowell.  King claims that he filed an
application for writ of habeas corpus . . . in the 6th Judicial District Court
in Lamar County, Texas, complaining of Pattersons alleged admission to
possessing the evidence in question, and received a response from Judge
McDowell stating that one ground has been litigated and making no mention of
the other ground.  King, believing that
Judge McDowell relied on the order issued by Judge Lovett, claimed that the
court did not file or consider the application for writ of habeas corpus.  He asks this Court to order Judge McDowell to
present the Application for Writ of Habeas Corpus in its [sic] unedited form
to the 6th District Court. 

            To be entitled to mandamus relief,
King must show that he has no adequate remedy at law to redress the alleged
harm and that he seeks to compel an act that is ministerial, not discretionary
or involving a judicial decision.  State v. Walker, 679 S.W.2d 484, 485
(Tex. 1984).  An act is ministerial if it
constitutes a duty clearly fixed and required by law.  In re
Birdwell, 224 S.W.3d 864, 865 (Tex. App.Waco 2007, orig. proceeding).

            Due to the nature of this remedy, it
is Kings burden to properly request and show entitlement to the mandamus
relief.  Tex. R. App. P. 52.7; Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.Houston [1st Dist.] 1992, orig.
proceeding) (Even a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.).

            King had the obligation to provide
us with evidence in support of his claim that he is entitled to mandamus
relief.  No portion of any clerks record
or reporters record has been filed with this Court.  The absence of a mandamus record prevents us
from evaluating the circumstances of this case and, thus, the merits of Kings
complaints.  See Tex. R. App. P.
52.7; Barnes, 832 S.W.2d at 426.

            We deny the petition for writ of
mandamus. 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          June 9, 2011    

Date
Decided:             June 10, 2011