In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00045-CR


______________________________




GARY LEE ALLEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 13,813-93




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 On January 24, 1994, Gary Lee Allen pled guilty to the offense of forgery in Wood
County cause number 13,813-93. (1) The indictment further alleged Allen had been
previously, finally, and sequentially convicted of two other felony offenses. The writing in
question purported to be a check signed by another person. At the time Allen committed
his crime (given the facts in this case), forgery was a third degree felony. See Tex. Pen.
Code Ann. § 32.21. (2) Having previously admonished Allen about the enhanced punishment
range applicable in this case (twenty-five to ninety-nine years, or life), the trial court
accepted Allen's plea and deferred a finding of guilt, placing Allen on community
supervision for a period of ten years, provided and conditioned he commit no new offenses
and pay court-appointed attorney's fees. The trial court also held that Allen had previously
been convicted of two sequential felony offenses.

 On February 16, 2001, the State filed a motion to proceed to final adjudication of
Allen's guilt. On January 14, 2002, the trial court approved a written stipulation, signed by
both Allen and his counsel, in which Allen admitted committing a new criminal offense and
failing to pay his court-appointed attorney's fees. The trial court then continued the case
until January 31, 2002, for sentencing. On January 31, the trial court heard additional
witness testimony from Allen's relatives. At the conclusion of the hearing, the trial court
adjudicated Allen's guilt, reiterated its previous finding that Allen had been previously,
finally, and sequentially convicted of two felony offenses before the commission of the
offense in this case, and sentenced Allen to twenty-five years' incarceration. 

 On January 8, 2003, Allen's appellate counsel filed an Anders (3) brief in which he
professionally discussed the record, described the issues reviewed, and concluded there
were no arguable grounds for appeal and, as required by Anders, also filed a motion to
withdraw. Counsel also sent Allen a copy of the appellate brief and informed Allen of his
right to file a response pro se and right to review the record. 

 This Court informed Allen at that time that his response, if any, was due within thirty
days. As of this date, we have not received a pro se response. We have independently
reviewed the record and the brief filed by counsel in this appeal, and we agree there are
no arguable issues that would support an appeal in this case. The punishment assessed
in this case was the minimum twenty-five years permitted under Texas law. See Tex. Pen.
Code Ann. § 12.42(d) (Vernon 2003). The evidence presented at the sentencing hearing
revealed Allen had a lengthy criminal history for various felony thefts and forgeries dating
back to 1977. The evidence at the hearing also showed Allen had been convicted of
several new felony offenses since being placed on community supervision in the case now
before us. Accordingly, we affirm the trial court's judgment.


 Donald R. Ross

 Justice



Date Submitted: April 24, 2003

Date Decided: April 25, 2003



Do Not Publish
1. Allen simultaneously pled guilty to three additional forgery charges in Wood County
cause numbers 13,814-93, 13,815-93, 13,816-93. Those cases were appealed to this
Court in cause numbers 06-02-00046-CR, 06-02-00047-CR, and 06-02-00048-CR. The
merits of those appeals are addressed by separate opinions.
2. Amended by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen.
Laws 3586, 3643-44. The Legislature amended the forgery statute, effective September 1,
1994, downgrading the punishment range for forgery from a third degree felony to a state
jail felony. See Tex. S.B. 1067.
3. Anders v. California, 386 U.S. 738 (1967).



 Locked="false" Priority="68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00256-CR

                                                ______________________________

 

 

 

                                              IN
RE:  RUBEN SOLIS ANDERSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM OPINION 

 

            Ruben Solis Anderson filed a petition
for writ of mandamus listing the Texas Department of Corrections as the
respondent.  In the substance of the
petition, Anderson claims that he filed a writ of habeas corpus on October 18,
2011, with the clerk of the Bowie County District Court seeking transfer to a
safe prison because [a]ttempts on his life have been done.  He complains that [t]he bowie county district
court, clerk [sic] office too have been non-responsive, and asks this Court to
issue a writ of mandamus to Bowie County Court to address life endangerment
issues.  

            This Court has jurisdiction to issue
a writ of mandamus against a judge of a district or county court in the court
of appeals district.  Tex. Govt Code Ann. § 22.221(b) (West
2004).  Because we do not have
jurisdiction against a district clerk or the Texas Department of Corrections
unless necessary to enforce our jurisdiction, and Anderson has not demonstrated
that mandamus relief is necessary for this purpose, we have no jurisdiction
over these parties to the extent Anderson seeks relief against them.  

            This leaves the request that writ
issue against the Bowie County District Court.  Mandamus is an extraordinary remedy that
issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.  State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding).  Due to the nature of this remedy, it is
Andersons burden to properly request and show entitlement to the mandamus
relief.  See generally Johnson v. Fourth District Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.Houston [1st Dist.]
1992, orig. proceeding) (Even a pro se applicant for a writ of mandamus must
show himself entitled to the extraordinary relief he seeks.). 

            Anderson had the obligation to
provide us with evidence in support of his claim that he is entitled to
mandamus relief.  No portion of any clerks
record or reporters record has been filed with this Court.  The absence of a mandamus record prevents us
from evaluating the circumstances of this case and, consequently, the merits of
Andersons complaints.  See Tex.
R. App. P. 52.7; Barnes, 832
S.W.2d at 426.

            We deny the petition for writ of
mandamus. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          December
13, 2011

Date Decided:             December
14, 2011

 

Do Not Publish