NO. 07-04-0223-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



 MAY 6, 2004



______________________________




IN RE KIM WAYNE BURDEN, RELATOR



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 By this original proceeding, relator Kim Wayne Burden, proceeding pro se and in
forma pauperis, seeks a writ of mandamus against the Honorable Abe Lopez, Judge of the
108th District Court of Potter County, and Caroline Woodburn, District Clerk of Potter
County. Specifically, he requests that respondents be compelled to file a response and that
we find Judge Lopez abused his discretion in dismissing his suit pursuant to chapter 14 of
the Texas Civil and Practice Remedies Code. He also challenges the constitutionality of
chapter 14 and seeks to compel Judge Lopez to adhere to the Code of Judicial Conduct. 
We deny the petition. 

 Relator filed suit against the chairperson of the Texas Board of Criminal Justice
alleging breach of contract and due process violations. According to the allegations in his
petition for writ of mandamus, his suit was dismissed pursuant to chapter 14 of the Code
on February 5, 2004. He further asserts that on February 11 he received notice from the
Potter County District Clerk of the disposition of his case and on February 20 received a
copy of the trial court's order of dismissal. However, the order complained of is not
included in this record as required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate
Procedure. (1) No mention is made by relator that he filed a normal appeal from the dismissal
order.

 A court of appeals has the authority to issue writs of mandamus against a judge of
a district or county court in the court of appeals' district and all writs necessary to enforce
its jurisdiction. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2004). In order for a
district clerk to fall within our jurisdictional reach, it must be established that the issuance
of the writ of mandamus is necessary to enforce our jurisdiction. In re Jose A. Coronado,
980 S.W.2d 691, 692-93 (Tex.App.-San Antonio 1998, no pet.). Relator has not
demonstrated that the exercise of our mandamus authority against the Potter County
District Clerk is appropriate to enforce our jurisdiction Consequently, we have no authority
to issue a writ of mandamus against her.

 Mandamus will not issue where there is a clear and adequate remedy at law such
as a normal appeal. State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984). Mandamus is an
extraordinary remedy available only in limited circumstances and will issue only in
situations involving manifest and urgent necessity and not for grievances that may be
addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). It is
a fundamental tenet of mandamus practice that the party seeking mandamus relief
establish the lack of an adequate appellate remedy. Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989).

 Relator's complaint that the trial court abused its discretion in dismissing his suit
pursuant to chapter 14 of the Code could have been challenged by direct appeal. 
According to the dates provided by relator in his petition, he had until March 8, 2004, (2) to
file a notice of appeal challenging the trial court's dismissal order. Relator's failure to file
a direct appeal from the dismissal order does not demonstrate the lack of an adequate
remedy at law so as to entitle him to mandamus relief.

 Accordingly, the petition for writ of mandamus is denied.

 Don H. Reavis

 Justice

 
1. Relator explains that he initially filed this proceeding in a different court by mistake
and that necessary documents were not returned to him.
2. Thirty days from February 5, 2004, fell on Saturday, March 6. Thus, pursuant to
Rule 4.1(a) of the Texas Rules of Appellate Procedure, relator had until Monday, March 8
to perfect his appeal.