In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00063-CV


______________________________





IN RE:


ZACHARY W. LAWSON









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Zachary W. Lawson filed a petition for writ of mandamus with this Court informing us that
he had been detained since December 22, 2008, and had not yet been indicted by a grand jury. 
Lawson complained that the trial court failed to rule on his motion for examining trial, second
motion for bail reduction, motion to dismiss prosecution and discharge bail. Lawson's petition
makes clear that he was represented by an attorney at some point. He complains of counsel's failure
to file his pro se motions. Finally, Lawson challenges the trial court's ruling regarding suppression
of evidence. The remaining portion of Lawson's petition is unintelligible, and the certificate of
service does not demonstrate that the respondent has been served. We determine that Lawson is not
entitled to mandamus relief. 

 Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion
or violation of a duty imposed by law when no other adequate remedy by law is available. State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). Due to the nature of this remedy, it
is Lawson's burden to properly request and show entitlement to the mandamus relief. See generally
Johnson v. Fourth Dist. Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding);
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding)
("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary
relief he seeks."). 

 Lawson had the obligation to provide us with evidence in support of his claim that he is
entitled to mandamus relief. No portion of any clerk's record or reporter's record has been filed with
this Court. The absence of a mandamus record prevents us from evaluating the circumstances of this
case and, consequently, the merits of Lawson's complaints. See Tex. R. App. P. 52.7; Barnes, 832
S.W.2d at 426. 

 We deny the petition for writ of mandamus. 



 Jack Carter

 Justice


Date Submitted: June 25, 2009

Date Decided: June 26, 2009