In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00038-CV


______________________________




JOHNNY M. STAFFORD, Appellant



V.



DENNIS J. BOWLES, JR., Appellee




 


On Appeal from the County Court at Law No. 2


Gregg County, Texas


Trial Court No. 2007-2090-CCL2-1




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Johnny M. Stafford has filed a motion asking this Court to dismiss his appeal, and then, as
he is indigent, assess costs against Dennis J. Bowles, Jr., appellee. The request to assess costs against
Bowles is denied.

 We, otherwise, grant his motion and dismiss the appeal.

 

 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 30, 2009

Date Decided: July 1, 2009



y Justice Moseley








MEMORANDUM OPINION



 Transito Jose Rodriguez filed a petition for writ of mandamus complaining of the Gregg
County District Clerk's alleged failure to issue "any legal notices" regarding an application for habeas
corpus relief filed by Rodriguez on September 4, 2008. Rodriguez has presented nothing in the way
of a record to this Court.

 Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion
or violation of a duty imposed by law when no other adequate remedy by law is available. State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). This Court has the authority to issue
a writ of mandamus in two instances, the first being when it is necessary to enforce this Court's
jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004). It is Rodriguez's burden to
properly request and show entitlement to the mandamus relief he requests. See generally Johnson
v. Fourth Dist. Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). 

 The second instance in which we have authority to issue a writ of mandamus occurs where
it is "against a . . . judge of a district or county court in the court of appeals district; or . . . a judge
of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals
district." Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004). Rodriguez seeks a writ of mandamus
against a district clerk. Because the clerk is not a proper party to which mandamus relief may be
brought, we dismiss Rodriguez's petition for writ of mandamus against the Gregg County District
Clerk for lack of jurisdiction. In re James, No. 06-08-00111-CV, 2008 Tex. App. LEXIS 7689 (Tex.
App.--Texarkana Oct. 10, 2008, orig. proceeding) (mem. op.); In re Phillips, No. 06-07-00057-CV,
2007 Tex. App. LEXIS 3128 (Tex. App.--Texarkana Apr. 25, 2007, orig. proceeding) (mem. op.). 

 We deny the petition. 



 Bailey C. Moseley

 Justice


Date Submitted: October 21, 2008

Date Decided: October 22, 2008