In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00092-CV


______________________________




IN RE:


JOHN JACKSON








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 John Jackson has filed a petition for writ of mandamus. In the petition, he asks this Court
to order the Rusk County District Clerk to file his civil petition without payment of filing fees (as
an indigent) or with partial payment, or with a "payment plan." He argues that to deny all of these
requests constitutes nothing less than a violation of his civil rights. 

 Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion
or a violation of a duty imposed by law when no other adequate remedy at law is available. State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). This Court has the authority to issue
a writ of mandamus in two instances, the first being when it is necessary to enforce this Court's
jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004). It is Jackson's burden to properly
request and show entitlement to the mandamus relief he requests. See generally Johnson v. Fourth
Dist. Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

 The second instance in which we have authority to issue a writ of mandamus occurs where
it is "against a . . . judge of a district or county court in the court of appeals district; or . . . a judge
of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals
district." Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004). Jackson seeks a writ of mandamus
against a district clerk. Because the clerk is not a proper party to which mandamus relief may be
brought, we dismiss Jackson's petition for writ of mandamus against the Rusk County District Clerk
for lack of jurisdiction. In re Rodriguez, No. 06-08-00122-CV, 2008 Tex. App. LEXIS 7972 (Tex.
App.--Texarkana Oct. 22, 2008, orig. proceeding) (mem. op.); In re James, No. 06-08-00111-CV,
2008 Tex. App. LEXIS 7689 (Tex. App.--Texarkana Oct. 10, 2008, orig. proceeding) (mem. op.).

 We deny the petition for writ of mandamus.




 Bailey C. Moseley

 Justice


Date Submitted: October 21, 2009

Date Decided: October 22, 2009 



 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 18, 2006
Date Decided:             September 19, 2006