

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00091-CV

_____

### IN RE:   OLIVER WENDELL HART, III

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Oliver Wendell Hart, III, files this petition for writ of mandamus complaining of deprivation of personal property from his inmate trust fund account. The respondent is identified as the "Bowie County District Clerk." We dismiss Hart's petition for lack of jurisdiction.

Mandamus is an extraordinary remedy. *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). In order to establish that he is entitled to mandamus relief, Hart must show that: (1) there is no adequate remedy at law to redress the alleged harm; and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Due to the nature of this remedy, it is Hart's burden to properly request and show entitlement to the mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

This Court has jurisdiction to issue a writ of mandamus against a "judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). Because we do not have jurisdiction against a district clerk unless necessary to enforce our jurisdiction, and Hart has not demonstrated that mandamus relief is necessary for this purpose, we have no jurisdiction over this petition.

We dismiss Hart's petition for writ of mandamus for lack of jurisdiction.


                                        Jack Carter
                                        Justice

Date Submitted:        September 1, 2011
Date Decided:          September 2, 2011