In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00256-CR

                                                ______________________________

 

 

 

                                              IN
RE:  RUBEN SOLIS ANDERSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM OPINION 

 

            Ruben Solis Anderson filed a petition
for writ of mandamus listing the Texas Department of Corrections as the
respondent.  In the substance of the
petition, Anderson claims that he filed a writ of habeas corpus on October 18,
2011, with the clerk of the Bowie County District Court seeking “transfer to a
safe prison” because “[a]ttempts on his life have been done.”  He complains that “[t]he bowie county district
court, clerk [sic] office too have been non-responsive,” and asks this Court to
“issue a writ of mandamus to Bowie County Court to address life endangerment
issues.”  

            This Court has jurisdiction to issue
a writ of mandamus against a “judge of a district or county court in the court
of appeals district.”  Tex. Gov’t Code Ann. § 22.221(b) (West
2004).  Because we do not have
jurisdiction against a district clerk or the Texas Department of Corrections
unless necessary to enforce our jurisdiction, and Anderson has not demonstrated
that mandamus relief is necessary for this purpose, we have no jurisdiction
over these parties to the extent Anderson seeks relief against them.  

            This leaves the request that writ
issue against the Bowie County District Court.  Mandamus is an extraordinary remedy that
issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.  State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding).  Due to the nature of this remedy, it is
Anderson’s burden to properly request and show entitlement to the mandamus
relief.  See generally Johnson v. Fourth District Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.]
1992, orig. proceeding) (“Even a pro se applicant for a writ of mandamus must
show himself entitled to the extraordinary relief he seeks.”). 

            Anderson had the obligation to
provide us with evidence in support of his claim that he is entitled to
mandamus relief.  No portion of any clerk’s
record or reporter’s record has been filed with this Court.  The absence of a mandamus record prevents us
from evaluating the circumstances of this case and, consequently, the merits of
Anderson’s complaints.  See Tex.
R. App. P. 52.7; Barnes, 832
S.W.2d at 426.

            We deny the petition for writ of
mandamus. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          December
13, 2011

Date Decided:             December
14, 2011

 

Do Not Publish