

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00004-CR

_____

IN RE:  HERBERT DAVIS, JR.

_____

Original Mandamus Proceeding

_____

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Herbert Davis, Jr., is currently incarcerated in a unit of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ–CID). In a petition for writ of mandamus, Davis complains that detainers have been filed with the TDCJ–CID to hold him for prosecution for other offenses. Davis asks this Court to compel the 202nd Judicial District Court to rule on a "Motion For the Removal of Detainers" filed by Davis.

Mandamus is an extraordinary remedy. *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). Mandamus relief is authorized in a criminal case only if the relator establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Due to the nature of this remedy, it is Davis' burden to properly request and show entitlement to the mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam).

Davis' motion alleges that the plea agreement which led to his incarceration prevented the placement of detainers upon him by other jurisdictions in which Davis had committed various offenses. The plea agreement contained in the record imposes no such restriction. "A detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that [the prisoner] is wanted to face pending criminal charges in another jurisdiction." *United States v. Mauro*, 436 U.S. 340, 359 (1978). The request, or detainer, is placed by a

2

criminal justice agency which seeks to prosecute the prisoner for a separate crime. *State v. Votta*, 299 S.W.3d 130, 135 n.5 (Tex. Crim. App. 2009).

Davis' motion acknowledges that "[o]nly the agency that places the detainer has the authority to removal [sic] it from Davis's 'TDCJ' records." Davis is correct. Therefore, Davis has failed to establish that the trial court has a ministerial duty to act upon his motion.

We deny the petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted:     January 22, 2013
Date Decided:      January 23, 2013

Do Not Publish