**DENY; and Opinion Filed December 9, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01364-CV

## IN RE MICHAEL A. BLOOM, Relator

**Original Proceeding from Probate Court No. 3, Dallas County, Texas**
**Trial Court Cause No. PR-14-03181**

# MEMORANDUM OPINION
Before Justices Francis, Myers, and Schenck
Opinion by Justice Schenck

This petition for writ of mandamus arises from the imposition of death-penalty sanctions against relator Michael A. Bloom ("Bloom") for failure to comply with the probate court's prior orders. Bloom filed this petition for writ of mandamus requesting that this Court set aside the death-penalty sanctions order and order the probate court to grant his motion to dismiss this case. For the reasons set forth herein, we deny the petition.

## Background

Bloom and real party in interest, Sandra Swango ("Swango"), are brother and sister. Their mother, Clarice Shirley Bloom ("Decedent"), died intestate. Swango filed an application for letters of dependent administration and for declaration of heirship. Bloom filed a motion to dismiss the application for letters of administration arguing that the probate court lacked subject-matter jurisdiction because Swango failed to allege the Decedent owned or was entitled to property in the state "at the time of death" and the deficiency could not be corrected because the Decedent had, in fact, transferred all of her assets to Bloom before her death.

Based on Bloom's opposition to Swango's application, the probate court set the application for letters of dependent administration for hearing on the court's contested docket. The probate court proceeded to hear Swango's application to determine heirship. At the conclusion of the hearing, the probate court entered a judgment declaring Bloom and Swango to be the Decedent's only heirs and ordering that Bloom and Swango are each entitled to a fifty percent share of the estate. Bloom moved to set aside the judgment determining heirship and moved to dismiss the case, or in the alternative, for a new trial, asserting, again, that the probate court lacked jurisdiction. In support of his motion, Bloom provided the probate court with two deeds executed approximately six months prior to the Decedent's death conveying all of Decedent's real[1] and personal property, except her interest in a family trust, to Bloom upon her death. The probate court denied the motion and Bloom appealed.[2]

Shortly after the probate court determined heirship, Swango filed a lawsuit against Bloom and Martin E. Auerbach ("Auerbach"), an accountant and the trustee of the family trust, ancillary to the main probate case seeking to annul the inter vivos transfers of the Decedent's property to Bloom. Bloom answered and asserted the same jurisdictional challenges he had raised in the main probate case. He filed a motion to dismiss pursuant to rule 91a of the Texas Rules of Civil Procedure, arguing the probate court had not determined a need for administration existed and without a properly existing main case, the probate court lacked jurisdiction over the ancillary proceeding. In addition, Bloom claimed Swango lacked capacity to bring the ancillary

---

[1] Bloom is now living in the house his mother owned at the time of her death. He claims it is his homestead and that he will be dispossessed of it by the trial court's order.

[2] This Court affirmed the probate court's determination of heirship. *Bloom v. Swango*, 05-14-01237-CV, 2015 WL 5786824, at \*1 (Tex. App.—Dallas Oct. 5, 2015, no. pet. h.). The Court concluded that Swango's pleadings placed Bloom on fair notice that Swango was seeking a declaration of heirship in order to distribute property owned by the decedent to her heirs, facts that affirmatively demonstrated the probate court's jurisdiction over the application for determination of heirship. *Id.* at 4. The Court further concluded, in view of the probate court's determination that a factual issue existed whether the decedent was competent to convey her property, that there was sufficient evidence to raise a disputed issue of fact as to whether the decedent owned or was entitled to property at the time of her death. *Id.* at 5. The Court held that the probate court did not err in finding it had jurisdiction over the application to determine heirship. *Id.*

proceeding because she had not yet qualified or been appointed to represent the estate as the dependent administrator. On February 13, 2015, the probate court denied Bloom's motion, finding that Swango's "causes of action pleaded in this matter have bases in both law and fact." Pursuant to rule 91a.7, the probate court awarded Swango attorneys' fees in the amount of $2,840.

Bloom then filed a "Motion to Dismiss or to Abate Cause and/or for Protection from Discovery." He again argued that Swango lacked standing to pursue the ancillary proceeding because she had not qualified as the administrator of the estate, and because the need for an administration of the estate remained to be determined because the probate court had not yet determined whether the Decedent possessed property on her death. Swango responded and moved for sanctions under Section 10.001 of the Texas Civil Practice & Remedies Code arguing that Bloom, who is a lawyer, continued to assert specious jurisdictional arguments in an effort to harass and oppress her.

On April 7, 2015, the probate court denied Bloom's motion and granted Swango's motion for sanctions. The probate court awarded Swango $4,275 in attorney's fees and ordered that the $4,275 in sanctions, together with the $2,840 awarded to Swango for defending the rule 91a motion, be paid within seven days. In doing so, the probate court noted:

> Defendant Bloom had previously moved to have the Original Case and the Ancillary Case dismissed for want of subject matter jurisdiction, and those motions had already been denied by the time he filed the motions decided by this order. The Court observes that as recently as February 13, 2015, this Court denied Bloom's Rule 91a Motion to Dismiss because, among other reasons, this Court has subject matter jurisdiction of this case. . . .
>
> In his instant motions, Mr. Bloom again seeks dismissal on the previously rejected argument that this Court lacks subject matter jurisdiction of this case. Because that issue had already been briefed to and decided by this Court twice previously—once in deciding Bloom's Motion for New Trial in the Original Case and again in deciding Bloom's Rule 91a Motion filed in this Ancillary Case—the Court finds and holds that Defendant Bloom, contrary to his § 10.001 certification, filed his instant motions to dismiss and for protection for an

–3–

improper purpose. The Court finds and holds that Bloom sought by his instant Motions to Dismiss and for Protection "to harass or to cause unnecessary delay or needless increase in the cost of litigation" in violation of TEX. CIV. PRAC. & REM. CODE § 10.001.

Following the entry of the April 7, 2015 sanctions order, Bloom engaged counsel. Bloom's attorneys moved for relief from the portion of probate court's sanctions order that required payment of the amounts ordered before final judgment. In his motion, Bloom stated that he is 73-years old and does not have a "consistent source of income" other than Social Security payments.[3] He argued that if he was required pay the amounts awarded by the probate court in the time period required by the order, he would not be able to afford outside counsel and would have to represent himself before the court. He requested that the probate court defer payment of the sanctions until the rendition of final judgment in the two pending proceedings. Prior to Bloom filing the motion for relief, Swango had agreed to a seven-day extension of time to make the payments ordered by the probate court. When Swango learned that the apparent undisclosed purpose of the extension request was to allow Bloom to file the motion for relief from the sanctions order, she filed a motion seeking death-penalty sanctions.

The probate court granted the motion for death-penalty sanctions and denied Bloom's motion for relief from the sanctions order. The probate court concluded that Bloom's argument that he would have to forgo representation to pay the amounts ordered by the probate court amounted to a judicial admission that Bloom had the means to pay the amounts awarded. It concluded it had good cause to exercise its inherent authority to sanction Bloom based on:

- Bloom's unjustified failure without good cause to pay Swango the $2,840 of attorneys' fees awarded against him under Rule 91, TEX. R. CIV. P, in the Court's February 13, 2015 order;

---

[3] The State Bar website shows that Bloom maintains an active legal practice as of the date he certified his profile earlier this year.

–4–

- Bloom's unjustified failure without good cause to pay Swango such $2,840 by April 14, 2015 as ordered by the Court's April 7, 2015 order or by April 20, 2015 as agreed to by Plaintiff; and

- Bloom's unjustified failure without good cause to pay Swango the $4,275 ordered by the Court's April 7, 2015 order by April 14, 2015 as directed by such order or by April 20, 2015 as agreed to by Plaintiff.

The court found "less stringent" sanctions would not promote Bloom's compliance with the court's orders because its two prior orders had been ineffective. Accordingly, the probate court struck all of Bloom's pleadings in the case and rendered a judgment of default against Bloom in favor of Swango. In addition, the probate court set aside the conveyances that were the subject of ancillary proceeding and ordered that the property was vested in the Decedent at the time of her death. The court further ordered that Swango recover from Bloom attorney's fees in the amount of $63,825 (inclusive of the prior awards of fees) and conditionally awarded Swango attorney's fees on appeal. Although the judgment was determinative of all claims against Bloom in the case, the judgment remains interlocutory because claims remain pending against Auerbach, who allegedly assisted Bloom in wrongfully causing the Decedent to execute the conveyances.

Bloom is now before this Court seeking mandamus relief. Bloom argues the probate court clearly abused its discretion by: (1) rendering death-penalty sanctions against him; (2) ordering him to pay monetary sanctions and awards prior to a final judgment without making express findings that payment would not substantially restrict his access to the courts; (3) awarding sanctions in its April 7 order; and (4) failing to dismiss or abate the ancillary proceeding because Swango lacked capacity. As detailed below, we conclude Bloom has not established a lack of adequate remedy by appeal, and has not shown a clear abuse of discretion to support the issuance of a writ of mandamus.

## Discussion

To be entitled to mandamus relief, a relator must ordinarily demonstrate the trial court has clearly abused its discretion *and* that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding) (emphasis added). As to Bloom's complaint concerning the probate court's imposition of death-penalty sanctions, we first consider whether Bloom has an adequate remedy by appeal. If he does, then the writ of mandamus must be denied on this ground. *State v. Walker,* 679 S.W.2d 484, 485 (Tex. 1984). In determining whether Bloom has an adequate remedy by appeal, we consider whether the sanctions imposed against him thwart effective appellate review. *See Braden v. Downey,* 811 S.W.2d 922, 929 (Tex. 1991). Generally, whenever a trial court imposes sanctions which have the effect of adjudicating a dispute, whether by striking pleadings, dismissing an action or rendering a default judgment, but which do not result in the rendition of an appealable judgment, then the eventual remedy by appeal is inadequate. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991). But not every case in which a court imposes death-penalty sanctions by interlocutory order will warrant the issuance of the extraordinary writ. *Id.* at 920. This is such a case. The probate court's order striking Bloom's pleadings and rendering a default judgment against him disposed of all claims against Bloom. The only reason the order remains interlocutory is the fact that Swango's claims against Auerbach remain pending. Bloom will not suffer adverse effects from the court's order in further proceedings before the probate court as contemplated in *TransAmerican*, because there will be no further proceedings as to him. Therefore, the general rule concerning mandamus relief in death-penalty sanction cases does not apply in this case.

In an effort to establish there is no adequate remedy by appeal, Bloom argues absent interlocutory relief, Bloom will lose possession of his homestead, and possibly much of its contents. There is no reason to believe that the home Bloom is living in will be sold without providing Bloom an opportunity to appeal the probate court's appealable orders and supersede any order that allows the sale of his property, particularly in view of the fact that the June 15, 2015 order—which determines that the house is an asset of the estate—will become appealable upon rendition of judgment on the claims against the remaining party or by severance of the trial court's order rendering judgment against him, which he has not sought below. Therefore, Bloom has an adequate remedy by appeal. If Bloom wishes to obtain immediate appellate review of the trial court's order, nothing prevents him from seeking severance of the trial court's order rendering judgment against him.

Next, Bloom argues that the probate court abused its discretion in ordering him to pay the attorneys' fee awards prior to rendition of final judgment without making express findings that payment would not substantially restrict his access to the courts. Any complaint Bloom may have had regarding the timing of payments due by orders of the probate court is now moot. The death-penalty sanction order subsumed the fees previously awarded by orders dated February 13, 2015 and April 7, 2015. Accordingly, the April 7, 2015 order to pay the fees immediately cannot now have a chilling effect on Bloom's ability to continue the litigation because he is no longer under the order to pay the fees immediately. In addition, the latest order of the probate court effectively terminates the litigation as to Bloom. Consequently, this complaint does not support the issuance of a writ of mandamus.

As to Bloom's complaint concerning the April 7, 2015 order awarding monetary sanctions, Bloom has failed to demonstrate that the probate court clearly abused its discretion because the monetary sanction relates to the attorney's fees incurred by Swango. *See Braden*,

–7–

811 S.W.2d at 929. As to Bloom's claim Swango lacks capacity to maintain the ancillary proceeding, Bloom has not cited any authority to support a finding that the extraordinary writ of mandamus applies to such a claim. Consequently, these are not possible independent grounds for the issuance of a writ of mandamus.

We deny the petition for writ of mandamus.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

151364F.P05