

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-24-00369-CV

---

IN RE EXCALIBUR ENERGY COMPANY, RELATOR

---

ORIGINAL PROCEEDING

---

February 13, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Excalibur Energy Company seeks a writ of mandamus to compel the Honorable Steven Emmert to "proceed to trial and judgment" based on Excalibur's contention that the *Final Judgment* entered by Judge Emmert is not final.  We deny Excalibur's petition.

## BACKGROUND

As this original proceeding is focused on whether the judgment entered by Judge Emmert was final, we will only briefly identify the factual background leading to Excalibur's petition.  This dispute began with competing claims of ownership of a royalty interest in certain property that had been twice conveyed by a previous owner.  XTO Energy, Inc., suspended royalty payments after multiple purchasing parties made competing claims for

royalties.  In February of 2017, Excalibur filed suit seeking unpaid royalties under theories of breach of contract, trespass to try title, and violations of the Natural Resources Code.  Some defendants disclaimed their interests in the disputed royalties.  The remaining parties filed competing motions for partial summary judgment.  The trial court granted summary judgment and awarded Excalibur title to the royalties.  The trial court also granted XTO's request to pay the royalties into the registry of the court by interpleader.  When Excalibur continued to pursue a jury trial on its claims, XTO filed a motion under Texas Rule of Civil Procedure 166(g) that asserted that "all remaining issues may be resolved as a matter of law and relate solely to the payment of proceeds that have been either unconditionally tendered or already paid to Excalibur."  By its Rule 166(g) motion, XTO contended that it had paid all royalties into the registry of the court or directly to Excalibur.  The trial court granted XTO's motion and entered a *Final Judgment*.  Within thirty days of the trial court's entry of judgment, Excalibur timely filed a motion for new trial, which was subsequently overruled by operation of law.  Excalibur did not timely file notice of appeal.

However, a week after its deadline to file its notice of appeal, Excalibur filed a *Motion to Prove Up Attorney's Fees*.  The trial court did not rule on this motion.  In September of 2024, Excalibur filed a *Motion to Set Aside Interlocutory Order*, in which it argued that the judgment was not final.  After the trial court did not act on this motion, Excalibur filed the instant petition for writ of mandamus in November of 2024.  By its petition, Excalibur requests a writ directing the trial court to proceed to trial and judgment.  XTO argues that the *Final Judgment* entered by the trial court is, in fact, final and that mandamus is not appropriate.

2

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court clearly abused its discretion, and (2) no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). The relator bears the burden of proving these two requirements. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

A trial court clearly abuses its discretion when it clearly fails to analyze or apply the law correctly. *Id.* We will not disturb a trial court's decision unless it amounts to a clear and prejudicial error of law or fails to correctly analyze or apply the law to the facts. *Id.* at 302–03. To prevail, the relator must establish that the trial court could have reasonably reached only one decision. *Id.* at 303.

Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker*, 827 S.W.2d at 840 (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984)). Because mandamus is intended to be an extraordinary remedy, it is available only in limited circumstances. *Id.* The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Id.* (quoting *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989)).

## ANALYSIS

We will deem a judgment entered without a trial to be final when it actually disposes of every pending claim and party or when it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *Patel v. Nations*

3

*Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (per curiam). "If the judgment clearly and unequivocally states that it finally disposes of all claims and parties, the assessment is resolved in favor of finding finality, and the reviewing court cannot review the record." *Id.* Consequently, we begin our analysis by determining whether the judgment is clearly and unequivocally final on its face. *Id.*

In determining whether a judgment is final on its face, the salient question is whether there is a "clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 155 (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001)). There is no magic language required to express finality of a judgment or order. *Id.* However, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Id.* (quoting *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam)). While these statements, standing alone, are insufficient to clearly indicate finality, when all three are present in a judgment, the judgment is facially final. *Id.*; *Bella Palma, LLC,* 601 S.W.3d at 801; *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019).

Here, the judgment expressly indicates that it is final five times, states that it "disposes of all claims and parties," and is appealable. These statements, taken together, establish that the judgment is facially final. *Patel*, 661 S.W.3d at 155; *Bella Palma, LLC*, 601 S.W.3d at 801; *In re R.R.K.*, 590 S.W.3d at 543; *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (per curiam). Even if, as Excalibur contends, the judgment does not actually dispose of all claims and parties, because it is "clear and unequivocal" as to its finality, it is final and we may not resort to the record. *Patel*, 661 S.W.3d at 154–56; *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam); *see In re Elizondo*,

4

544 S.W.3d at 828 ("a reviewing court confronting an order that includes a finality phrase cannot look at the record. . . . . If it were otherwise, finality phrases would serve no purpose."). Such a judgment is erroneous but not interlocutory. *Patel*, 661 S.W.3d at 155–56; *In re Elizondo*, 544 S.W.3d at 829.

Excalibur contends that the judgment is not clear and unequivocal on its face because it does not specifically address its claims under the Natural Resources Code that authorize attorney's fees and interest. Excalibur contends that Exhibit A to the judgment[1] establishes that the judgment is not final because it indicates that XTO is not discharged from potential liability for attorney's fees and interest owed under the Natural Resources Code by making payments in interpleader. However, the judgment expressly grants XTO's *Rule 166(g) Motion on Damages, Attorney's Fees, and Interest*. As such, either the judgment facially denies Excalibur's claims for attorney's fees and interest under the Natural Resources Code or such claims are denied by the Mother Hubbard Clause, which states, "[a]ll other relief requested and not expressly waived, granted by the Court Orders,[2] dismissed, or denied herein is hereby DENIED."

If uncertain regarding the finality of the trial court's judgment, Excalibur should have erred on the side of appealing so that it did not lose its right of appeal. *Patel*, 661 S.W.3d at 156. Because the judgment was clear, unequivocal, and neither ambiguous nor absurd, it was final and appealable. *In re Elizondo*, 544 S.W.3d at 829. The trial court lost plenary power ninety days after it signed its judgment. *See* TEX. R. APP. P. 26.1(a)(1).

---

[1] Exhibit A to the judgment was incorporated by reference into the judgment.

[2] While Exhibit A references Excalibur's Natural Resources Code claims, it does not grant these claims.

5

As such, we conclude that the trial court did not clearly abuse its discretion by failing to "proceed to trial and judgment."  Consequently, we deny Excalibur's petition.

## CONCLUSION

Having determined that Excalibur did not establish that the trial court clearly abused its discretion, we deny its petition for writ of mandamus.


Judy C. Parker
Justice