In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00106-CR

                                                ______________________________

 

 

 

                                             IN
RE:  STEPHEN CLAY JOHNSTON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

 

                                                                              

                                                                              








                                                      MEMORANDUM OPINION 

 

            While incarcerated in the Lamar County
Jail for a third DWI conviction, Stephen Clay Johnston filed a “Motion for Access
of Courts” requesting the trial court “grant defendant access to courts by
allowing him to utilize the law library provided by the county” in order to
prepare future small claim lawsuits for filing and prosecute a pending small
claim.  Johnston filed this petition for writ
of mandamus complaining that the trial court “has refused to answer this
motion.”  

            Mandamus is an extraordinary remedy
that issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.  State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984). 
Due to the nature of this remedy, it is Johnston’s burden to properly
request and show entitlement to the mandamus relief.  See
generally Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (“Even a pro se
applicant for a writ of mandamus must show himself entitled to the
extraordinary relief he seeks.”). 

            As the sole document included in his
record, Johnston attached a file-marked copy of his motion, which contained a
certificate of service requesting a copy of the motion be sent to the district
judge.  Consideration of a motion that is
properly filed and before the court is a ministerial act.  State ex
rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).  However, Johnston must show that the trial
court received, was aware of, and was asked to rule on the motion.  In re
Grulkey, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.––Houston
[14th Dist.] May 28, 2010, orig. proceeding) (citing In re Villarreal, 96 S.W.3d 708, 710 (Tex. App.––Amarillo 2003,
orig. proceeding)).  “Filing something
with the district clerk’s office does not mean the trial court is aware of it;
nor is the clerk’s knowledge imputed to the trial court.”  Id.
(citing Villarreal, 96 S.W.3d at n.2); see also In re Blakeney, 254 S.W.3d 659, 662 (Tex. App.––Texarkana
2008, orig. proceeding) (“Showing that a motion was filed with the court clerk
does not constitute proof that the motion was brought to the trial court’s
attention or presented to the trial court with a request for a ruling.”).    

            We deny Johnston’s petition for writ
of mandamus. 

                                                            

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          June 17, 2010

Date
Decided:             June 18, 2010

 

Do
Not Publish