NO. 07-10-00330-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 8, 2010

_____

IN RE: DAVID MATTHEW LAYTON, RELATOR

_____

**MEMORANDUM OPINION**

Relator, David Matthew Layton, has filed a Petition for Writ of Mandamus[1] with this Court requesting that we issue writ of mandamus "to compel the Judge of the 251st Judicial District Court to vacate her order denying relator's [m]otion for forensic DNA testing and appoint him [c]ounsel in accordance with [a]rticle 64.01(c) of the Texas Code of Criminal Procedure. We deny the petition.

Layton's petition challenges the trial court's denial of his motion for post-conviction DNA testing and appointment of counsel. While a trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and

---

[1] Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this court. While Layton's petition does not strictly comply with these requirements, the petition is not so deficient as to preclude this Court from conducting a meaningful review of the trial court's order. See In re Johnson, No. 07-03-0471-CV, 2003 Tex.App. LEXIS 10838, at *4-*5 (Tex.App.–Amarillo December 30, 2003, orig. proceeding).

mandamus may issue to compel the judge to act, <u>Safety-Kleen Corp. v. Garcia</u>, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding) (<u>citing</u> <u>O'Donniley v. Golden</u>, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler 1993, orig. proceeding)), mandamus may not be utilized to challenge a particular ruling on a motion. A trial court's ruling on a motion is generally discretionary and may be remedied by ordinary appeal. <u>In re Washington</u>, No. 09-07-246 CV, 2007 Tex.App. LEXIS 6449, at *2 (Tex.App.–Beaumont August 16, 2007, orig. proceeding) (<u>citing</u> <u>Ex parte Bates</u>, 65 S.W.3d 133, 134-35 (Tex.App.–Amarillo 2001, orig. proceeding)). The appendix to Layton's petition includes a copy of the trial court's order denying his motion, and his petition seeks mandamus relief to compel the trial court to vacate its order and to appoint Layton counsel. Thus, by his petition, Layton seeks relief from this Court to compel the trial court to change its discretionary ruling. Without any identification of an applicable exception to the general prohibition against using mandamus to alter discretionary rulings, we conclude that we are without authority to grant Layton the relief sought.

Further, the denial of a motion for post-conviction forensic DNA testing is an appealable order, <u>see</u> <u>Layton v. State</u>, Nos. 07-03-0383-CR, 07-03-0384-CR, 07-03-0385-CR, 2005 Tex.App. LEXIS 1520 (Tex.App.—Amarillo February 24, 2005, pet. ref'd), and, therefore, direct appeal presents an adequate remedy. Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." <u>Walker v. Packer</u>, 827 S.W.2d 833, 840 (Tex. 1992) (quoting <u>State v. Walker</u>, 679 S.W.2d 484, 485 (Tex. 1984)). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. <u>Id</u>. The requirement that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental

tenet" of mandamus practice. Id. (quoting <u>Holloway v. Fifth Court of Appeals</u>, 767 S.W.2d 680, 684 (Tex. 1989)). As the present circumstance is capable of remedy by direct appeal, this Court may not grant Layton the relief sought.

Because mandamus relief is not available in the present circumstances, we deny Layton's petition for writ of mandamus.

Mackey K. Hancock<br>
Justice

3