NO. 07-10-00330-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
SEPTEMBER 8, 2010
--------------------------------------------------------------------------------

 
 IN RE: DAVID MATTHEW LAYTON, RELATOR
--------------------------------------------------------------------------------

 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
Relator, David Matthew Layton, has filed a Petition for Writ of Mandamus with this Court requesting that we issue writ of mandamus "to compel the Judge of the 251[st] Judicial District Court to vacate her order denying relator's [m]otion for forensic DNA testing and appoint him [c]ounsel in accordance with [a]rticle 64.01(c) of the Texas Code of Criminal Procedure. We deny the petition.
Layton's petition challenges the trial court's denial of his motion for post-conviction DNA testing and appointment of counsel. While a trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the judge to act, Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.San Antonio 1997, orig. proceeding) (citing ODonniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.Tyler 1993, orig. proceeding)), mandamus may not be utilized to challenge a particular ruling on a motion. A trial court's ruling on a motion is generally discretionary and may be remedied by ordinary appeal. In re Washington, No. 09-07-246 CV, 2007 Tex.App. LEXIS 6449, at *2 (Tex.App.Beaumont August 16, 2007, orig. proceeding) (citing Ex parte Bates, 65 S.W.3d 133, 134-35 (Tex.App.Amarillo 2001, orig. proceeding)). The appendix to Layton's petition includes a copy of the trial court's order denying his motion, and his petition seeks mandamus relief to compel the trial court to vacate its order and to appoint Layton counsel. Thus, by his petition, Layton seeks relief from this Court to compel the trial court to change its discretionary ruling. Without any identification of an applicable exception to the general prohibition against using mandamus to alter discretionary rulings, we conclude that we are without authority to grant Layton the relief sought.
Further, the denial of a motion for post-conviction forensic DNA testing is an appealable order, see Layton v. State, Nos. 07-03-0383-CR, 07-03-0384-CR, 07-03-0385-CR, 2005 Tex.App. LEXIS 1520 (Tex.App. -- Amarillo February 24, 2005, pet. ref'd), and, therefore, direct appeal presents an adequate remedy. Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (quoting State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984)). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. Id. The requirement that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. Id. (quoting Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989)). As the present circumstance is capable of remedy by direct appeal, this Court may not grant Layton the relief sought.
Because mandamus relief is not available in the present circumstances, we deny Layton's petition for writ of mandamus.

 Mackey K. Hancock
 Justice