In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00090-CV

                                                ______________________________

 

 

 

                                                     IN
RE:  DAVID W. NIENAS

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

 

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            While incarcerated, David W. Nienas
sued two Texas Department of Criminal Justice employees for “willful theft of
[his] legal work.”  Nienas claims that he
filed the following pleadings:  “a motion
for ‘Attorney to Show Authority,’” “Rebuttal Response to Defendants[’] Motion
to Quash Service,” “‘objection’ to a decision made by the Honorable Judge . . .
where she denied my request for the trial to be by jury,” “Rebuttal Response to
Defendants[’] Original Answer and Jury Demand,” “Amended Rebuttal Response to
Defendants[’] Original Answer and Jury Demand,” “Amended Motion for Attorney to
Show Authority,” and a “Rebuttal Response to Defendants[’] Motion to Dismiss
Pursuant to Chapter 14.”  He alleges that
despite several letters to the trial court and “motion[s] for hearing,” no
hearings on his motions have been set. 
Nienas brings this pro se petition for writ of mandamus asking us to
compel the trial judge “to have a hearing to address all motions.”   

            Mandamus is an extraordinary remedy
that issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.  State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding).  Due to the nature of this remedy, it is
Nienas’ burden to properly request and show entitlement to mandamus
relief.  See generally Johnson v.
Fourth Dist. Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding); Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (“Even a
pro se applicant for a writ of mandamus must show himself entitled to the
extraordinary relief he seeks.”). 

            Consideration of a motion that is
properly filed and before the court is a ministerial act. State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App.
1987).  However, Nienas must show that
the trial court received, was aware of, and was asked to rule on the motion.  In re
Grulkey, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.––Houston
[14th Dist.] May 28, 2010, orig. proceeding) (mem. op.) (per curiam) (citing In re Villarreal, 96 S.W.3d 708, 710
(Tex. App.––Amarillo 2003, orig. proceeding)). 
All but two of Nienas’ handwritten pleadings fail to contain a file-stamp
mark indicating that they were filed. 
There are no envelopes or other indication in the record that the trial
court actually received these pleadings. 


            Only two of the pleadings, a
rebuttal response to defendants’ motion to quash service and amended motion for
attorney to show authority bear February 1, 2010 and March 8, 2010, file-stamp
marks, respectively.  However, “[f]iling
something with the district clerk’s office does not mean the trial court is
aware of it; nor is the clerk’s knowledge imputed to the trial court.”  Id.
(citing Villarreal, 96 S.W.3d at 710 n.2); see also In re Blakeney, 254 S.W.3d 659,
662 (Tex. App.––Texarkana 2008, orig. proceeding) (“Showing that a motion was
filed with the court clerk does not constitute proof that the motion was
brought to the trial court’s attention or presented to the trial court with a
request for a ruling.”). 

            In order to demonstrate the trial
court’s knowledge of all of the pleadings, Nienas attaches letters addressed to
the district clerk and trial judge urging the court to rule.  These letters also fail to contain any file
mark, or other proof that they were sent. 
Because Nienas cannot meet his burden to demonstrate the trial court
received, was aware of, and was asked to rule on his pleadings, we must deny
his petition for writ of mandamus.  

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          September 14, 2010

Date
Decided:             September 15, 2010