

NUMBER 13-10-00529-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

COMPASS BANK, SUCCESSOR-IN-INTEREST
TO LAREDO NATIONAL BANK, S. LEE STEVENSON JR.,
SUBSTITUTE TRUSTEE, AND DAVID L. RICKER,
SUBSTITUTE TRUSTEE,

Appellants,

v.

VICTOR HUGO BARRERA
AND DIANA BARRERA,                                          Appellees.

On appeal from the 139th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Garza, Benavides, and Vela
Memorandum Opinion by Justice Garza

In this accelerated interlocutory appeal, appellants Compass Bank, successor-in-

interest to Laredo National Bank, S. Lee Stevenson Jr., substitute trustee, and David L. Ricker, substitute trustee, challenge the trial court's granting of a temporary injunction prohibiting appellants from enforcing a writ of possession against appellees, Victor Hugo Barrera and Diana Barrera. By three issues, appellants argue that the trial court erred because: (1) appellees offered no evidence in support of their request for an injunction; (2) the injunction is an improper collateral attack on a final order of another court; and (3) the injunction improperly changes the status quo. We reverse and remand.

## I. BACKGROUND

In October 2009, appellant Compass Bank ("Compass") foreclosed on property owned by the Barreras located in Mission, Texas.[1] A "Notice of Substitute Trustee's Non-Judicial Foreclosure Sale," signed only by appellant Stevenson, notified the Barreras that a foreclosure sale would take place on October 6, 2009. On October 5, 2009, Victor Barrera filed suit against Compass and Stevenson in the 139th Judicial District Court of Hidalgo County, Texas, seeking a temporary restraining order as well as temporary and permanent injunctive relief.[2] On the same day suit was filed, the trial court granted the requested temporary restraining order enjoining Compass and Stevenson from proceeding with the foreclosure sale.

On October 6, 2009, prior to the scheduled foreclosure sale, Barrera's counsel and a process server attempted to serve Stevenson with the temporary restraining order at the Hidalgo County Courthouse. However, Stevenson was not present at the

---

[1] It is not clear from the record when Compass obtained the note and deed of trust from its predecessor-in-interest, Laredo National Bank.

[2] Trial court cause number C-2798-09-C.

2

courthouse; instead, appellant Ricker conducted the foreclosure sale. According to Barrera, the temporary restraining order was instead faxed to Stevenson at 10:35 a.m. on October 6. Nevertheless, according to the Substitute Trustee's Foreclosure Deed, the foreclosure sale was completed at 10:39 a.m. that morning.

Meanwhile, an action for forcible entry and detainer was filed against the Barreras in justice court.[3] Compass and the Barreras entered into an Agreed Judgment, approved and signed by the trial court on May 7, 2010, which allowed the Barreras three months to vacate the property and allowed Compass to seek a writ of possession if they did not. The Barreras did not vacate the property within the specified time, so Compass obtained a writ of possession requiring the Barreras to leave on September 2, 2010.

On September 1, 2010, the Barreras filed another suit in district court against Compass, Stevenson, and Ricker,[4] contending that: (1) the foreclosure sale was improper because the Barreras were never notified that Ricker would be conducting the foreclosure sale; and (2) the Substitute Trustee's Foreclosure Deed is void because the wrong party conducted the sale and because, contrary to the terms set forth in the "Notice of Substitute Trustee's Non-Judicial Foreclosure Sale," the amount of the successful bid was not at least equal to the amount of the Barreras' debt secured by the property. The Barreras' suit alleged wrongful foreclosure and sought a temporary restraining order, temporary and permanent injunctive relief, a declaration that the

---

[3] Trial court cause number FD-062-10-31. A default judgment was originally entered in this case against the Barreras on May 3, 2010, ordering the Barreras to vacate the subject property no later than May 11, 2010. The default judgment was then superceded by the Agreed Judgment of May 7, 2010.

[4] Trial court cause number C-2749-10-C.

Substitute Trustee's Foreclosure Deed is null and void, and attorney's fees. The petition alleged specifically that:

> Defendant COMPASS BANK has obtained a writ of possession pursuant to a forcible detainer action . . . Cause No. FD-062-10-31 in the Justice Court, Precinct 3, Place 1, Hidalgo County, Texas. However, Plaintiffs have not yet been evicted from the property. Plaintiffs' eviction is scheduled for 10 a.m. on September 2, 2010. Plaintiff will be irreparably harmed unless the Court intervenes to enjoin the eviction because the loss of the unique real estate would leave Plaintiffs without possession of their property and would be wrongful in that Defendants have acted in a way to wrongfully and improperly foreclose upon the Plaintiffs' property. As Cause No. C-2798-09-C was pending at all times during the course of the forcible detainer action in Cause No. FD-062-10-31, the issue of title had been implicitly raised by the Plaintiffs and therefore the Justice Court lacked jurisdiction to enter the judgment in the forcible detained action.

The trial court granted the temporary restraining order and, after a hearing on September 14, 2010, granted the requested temporary injunction. The order granting the temporary injunction states in part that:

> The Court, after hearing the argument and evidence and taking judicial notice of the affidavit and sworn pleadings on file, concludes that Plaintiffs have a probable right and a probable remedy, in that Plaintiffs will suffer irreparable injury in that Plaintiffs will be evicted from and lose possession of their home based upon a substitute trustee's sale that was conducted by someone other than the person designated to conduct the sale . . . .

This accelerated interlocutory appeal followed.[5] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008) (allowing appeals from interlocutory orders granting or refusing a temporary injunction); TEX. R. APP. P. 28.1(a) (providing that appeals of interlocutory orders, when allowed as of right by statute, are accelerated).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84

---

[5] The Barreras have not filed an appellees' brief to assist us in the resolution of this matter.

4

S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993)). A temporary injunction will issue only if the applicant pleads and proves three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* (citing *Walling*, 863 S.W.2d at 57; *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968)). An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* (citing *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.–Dallas 1989, no writ)).

Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Id.* (citing *Walling*, 863 S.W.2d at 58; *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984)). We will reverse an order granting injunctive relief only if the trial court abused that discretion. *Id.* (citing *Walling*, 863 S.W.2d at 58; *Walker*, 679 S.W.2d at 485). We may not substitute our judgment for that of the trial court unless the trial court's action was "so arbitrary that it exceeded the bounds of reasonable discretion." *Id.* (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985); *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978)).

### III. ANALYSIS

By their first issue, appellants contend that there was insufficient evidence supporting the trial court's issuance of the temporary injunction. Under an abuse of discretion standard, legal and factual sufficiency are ordinarily not independent grounds of error, but are relevant factors in assessing whether the trial court abused its

discretion. *Zorilla v. Wahid*, 83 S.W.3d 247, 252 (Tex. App.–Corpus Christi 2002, no pet.); *Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 738 n.7 (Tex. App.–Texarkana 1996, no pet.). However, in the context of a request for temporary injunctive relief, a probable right to recovery and probable injury must be established by competent evidence adduced at a hearing. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686 (Tex. 1968); *see also McDaniel v. Connelly*, No. 13-08-00230-CV, 2008 Tex. App. LEXIS 5119, at *2 (Tex. App.–Corpus Christi July 7, 2008, pet. denied) (mem. op.). Nearly a half century ago, the Texas Supreme Court explained why competent evidence is required to support a request for temporary injunction:

> An applicant for a temporary injunction seeks extraordinary equitable relief. He seeks to immobilize the defendant from a course of conduct which it may well be his legal right to pursue. Crowded dockets, infrequent jury trial weeks, or trial tactics can often delay a trial of a case on its merits for many months. The applicant has, and in equity and good conscience ought to have, the burden of offering some evidence which, under applicable rules of law, establishes a probable right of recovery. If not, no purpose is served by the provisions of Rule 680, [Texas Rules of Civil Procedure], limiting the time for which a restraining order granted without a hearing can operate and requiring a hearing before a temporary injunction can issue. If he cannot or does not discharge his burden he is not entitled to extraordinary relief. Writs of injunction should not issue on mere surmise.

*Camp v. Shannon*, 162 Tex. 515, 519, 348 S.W.2d 517, 519 (1961).

The facts alleged in the Barreras' September 1, 2010 original petition were sworn to by Victor Barrera; however, a sworn petition does not constitute evidence. *Millwrights Local Union No. 2484*, 433 S.W.2d at 686; *Rogers v. Howell*, 592 S.W.2d 402, 403 (Tex. Civ. App.–Dallas 1979, writ ref'd n.r.e.); *see also McDaniel*, 2008 Tex. App. LEXIS 5119, at *2-3.

6

The Barreras' petition incorporated by reference an affidavit by Victor Barrera stating in part that "my wife and I will be irreparably harmed unless the Court intervenes to enjoin the eviction because the loss of the unique real estate would leave my wife and I without possession of their [sic] property and would be wrongful . . . ." However, in the absence of an agreement between the parties, the proof required to support a judgment issuing a temporary injunction may not be made by affidavit. *Millwrights Local Union No. 2484*, 433 S.W.2d at 686; *see also McDaniel*, 2008 Tex. App. LEXIS 5119, at *2. No agreement permitting Barrera's affidavit to serve as evidence supporting the temporary injunction appears in the record before this Court.

Finally, no witnesses were sworn and no testimony was given at the September 14, 2010 hearing. Although counsel for both parties argued the merits of the temporary injunction at that hearing, "remarks of counsel during the course of a hearing are not competent evidence unless the attorney is actually testifying." *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 590 (Tex. App.–Texarkana 2004, no pet.) (citing *Collier Servs. Corp. v. Salinas*, 812 S.W.2d 372, 377 (Tex. App.–Corpus Christi 1991, orig. proceeding)). The record reflects that neither attorney actually testified at the hearing.

The Barreras presented no evidence to support their request for temporary injunction other than their sworn petition, affidavit, and argument of counsel. This is, in effect, no evidence, and the trial court therefore abused its discretion by granting the temporary injunction. *See Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex.*, 975 S.W.2d 546, 560 (Tex. 1998) ("[A] trial court has no discretion to grant injunctive relief . . . without supporting evidence."); *Alert Synteks, Inc. v. Jerry Spencer, L.P.*, 151 S.W.3d 246, 253 (Tex. App.–Tyler 2004, no pet.) ("[I]t is an abuse of discretion

for a trial court to issue a temporary injunction where no evidence that would support a temporary injunction was presented to the trial court."). Appellants' first issue is sustained.[6]

### III. CONCLUSION

We reverse the judgment of the trial court granting appellees' request for temporary injunction, and we remand the cause for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
3rd day of March, 2011.

---

[6] Because this issue is dispositive of the appeal, we need not address appellants' remaining two issues. *See* TEX. R. APP. P. 47.1.