NUMBER 13-10-00529-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

COMPASS BANK, SUCCESSOR-IN-INTEREST 

TO LAREDO NATIONAL BANK, S. LEE STEVENSON
JR., 

SUBSTITUTE TRUSTEE, AND DAVID L. RICKER, 

SUBSTITUTE TRUSTEE,

                                                                                                        
Appellants,

 

v.

 

VICTOR HUGO BARRERA 

AND DIANA BARRERA,                                                               Appellees.          


                                                                                                                             

 

On appeal from the 139th
District Court

of Hidalgo County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Benavides, and Vela

Memorandum Opinion by
Justice Garza

 

            In this accelerated
interlocutory appeal, appellants Compass Bank, successor-in-interest to Laredo
National Bank, S. Lee Stevenson Jr., substitute trustee, and David L. Ricker,
substitute trustee, challenge the trial court’s granting of a temporary
injunction prohibiting appellants from enforcing a writ of possession against
appellees, Victor Hugo Barrera and Diana Barrera.  By three issues, appellants
argue that the trial court erred because:  (1) appellees offered no evidence in
support of their request for an injunction; (2) the injunction is an improper
collateral attack on a final order of another court; and (3) the injunction
improperly changes the status quo.  We reverse and remand.

I.  Background

            In October 2009, appellant
Compass Bank (“Compass”) foreclosed on property owned by the Barreras located
in Mission, Texas.[1] 
A “Notice of Substitute Trustee’s Non-Judicial Foreclosure Sale,” signed only
by appellant Stevenson, notified the Barreras that a foreclosure sale would
take place on October 6, 2009.  On October 5, 2009, Victor Barrera filed suit
against Compass and Stevenson in the 139th Judicial District Court of Hidalgo
County, Texas, seeking a temporary restraining order as well as temporary and
permanent injunctive relief.[2] 
On the same day suit was filed, the trial court granted the requested temporary
restraining order enjoining Compass and Stevenson from proceeding with the
foreclosure sale.

            On October 6, 2009, prior
to the scheduled foreclosure sale, Barrera’s counsel and a process server
attempted to serve Stevenson with the temporary restraining order at the
Hidalgo County Courthouse.  However, Stevenson was not present at the
courthouse; instead, appellant Ricker conducted the foreclosure sale. 
According to Barrera, the temporary restraining order was instead faxed to
Stevenson at 10:35 a.m. on October 6.  Nevertheless, according to the
Substitute Trustee’s Foreclosure Deed, the foreclosure sale was completed at
10:39 a.m. that morning.

            Meanwhile, an action for
forcible entry and detainer was filed against the Barreras in justice court.[3] 
Compass and the Barreras entered into an Agreed Judgment, approved and signed
by the trial court on May 7, 2010, which allowed the Barreras three months to
vacate the property and allowed Compass to seek a writ of possession if they
did not.  The Barreras did not vacate the property within the specified time,
so Compass obtained a writ of possession requiring the Barreras to leave on
September 2, 2010.

            On September 1, 2010, the
Barreras filed another suit in district court against Compass, Stevenson, and
Ricker,[4]
contending that:  (1) the foreclosure sale was improper because the Barreras
were never notified that Ricker would be conducting the foreclosure sale; and
(2) the Substitute Trustee’s Foreclosure Deed is void because the wrong party
conducted the sale and because, contrary to the terms set forth in the “Notice
of Substitute Trustee’s Non-Judicial Foreclosure Sale,” the amount of the successful
bid was not at least equal to the amount of the Barreras’ debt secured by the
property.  The Barreras’ suit alleged wrongful foreclosure and sought a
temporary restraining order, temporary and permanent injunctive relief, a
declaration that the Substitute Trustee’s Foreclosure Deed is null and void,
and attorney’s fees.  The petition alleged specifically that:

Defendant COMPASS BANK has obtained a
writ of possession pursuant to a forcible detainer action . . . Cause No.
FD-062-10-31 in the Justice Court, Precinct 3, Place 1, Hidalgo County, Texas. 
However, Plaintiffs have not yet been evicted from the property.  Plaintiffs’
eviction is scheduled for 10 a.m. on September 2, 2010.  Plaintiff will be
irreparably harmed unless the Court intervenes to enjoin the eviction because
the loss of the unique real estate would leave Plaintiffs without possession of
their property and would be wrongful in that Defendants have acted in a way to
wrongfully and improperly foreclose upon the Plaintiffs’ property.  As Cause
No. C-2798-09-C was pending at all times during the course of the forcible
detainer action in Cause No. FD-062-10-31, the issue of title had been
implicitly raised by the Plaintiffs and therefore the Justice Court lacked
jurisdiction to enter the judgment in the forcible detained action.

 

The trial court granted the temporary
restraining order and, after a hearing on September 14, 2010, granted the
requested temporary injunction.  The order granting the temporary injunction
states in part that:

The Court, after hearing the argument
and evidence and taking judicial notice of the affidavit and sworn pleadings on
file, concludes that Plaintiffs have a probable right and a probable remedy, in
that Plaintiffs will suffer irreparable injury in that Plaintiffs will be
evicted from and lose possession of their home based upon a substitute
trustee’s sale that was conducted by someone other than the person designated
to conduct the sale . . . .

 

This accelerated interlocutory appeal
followed.[5] 
See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(4) (Vernon 2008) (allowing appeals from
interlocutory orders granting or refusing a temporary injunction); Tex. R. App. P. 28.1(a) (providing that
appeals of interlocutory orders, when allowed as of right by statute, are
accelerated).

II. 
Standard of Review and Applicable Law

            The
purpose of a temporary injunction is to preserve the status quo of the
litigation’s subject matter pending a trial on the merits.  Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  A temporary injunction is an
extraordinary remedy and does not issue as a matter of right.  Id.
(citing Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993)).  A
temporary injunction will issue only if the applicant pleads and proves three
specific elements:  (1) a cause of action against the defendant; (2) a probable
right to the relief sought; and (3) a probable, imminent, and irreparable
injury in the interim.  Id. (citing Walling, 863 S.W.2d at 57; Sun
Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968)).  An injury is
irreparable if the injured party cannot be adequately compensated in damages or
if the damages cannot be measured by any certain pecuniary standard.  Id.
(citing Canteen Corp. v. Republic of Tex. Props., Inc., 773 S.W.2d 398,
401 (Tex. App.–Dallas 1989, no writ)).

Whether to grant or
deny a temporary injunction is within the trial court’s sound discretion.  Id.
(citing Walling, 863 S.W.2d at 58; State v. Walker, 679 S.W.2d
484, 485 (Tex. 1984)).  We will reverse an order granting injunctive relief
only if the trial court abused that discretion.  Id. (citing Walling,
863 S.W.2d at 58; Walker, 679 S.W.2d at 485).  We may not substitute our
judgment for that of the trial court unless the trial court’s action was “so
arbitrary that it exceeded the bounds of reasonable discretion.”  Id. (citing
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex. 1985); Davis
v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978)).

III. 
Analysis

            By their
first issue, appellants contend that there was insufficient evidence supporting
the trial court’s issuance of the temporary injunction.  Under an abuse of
discretion standard, legal and factual sufficiency are ordinarily not
independent grounds of error, but are relevant factors in assessing whether the
trial court abused its discretion.  Zorilla v. Wahid, 83 S.W.3d 247, 252
(Tex. App.–Corpus Christi 2002, no pet.); Dalworth Trucking Co. v. Bulen,
924 S.W.2d 728, 738 n.7 (Tex. App.–Texarkana 1996, no pet.).  However, in the
context of a request for temporary injunctive relief, a probable right to
recovery and probable injury must be established by competent evidence adduced
at a hearing.  Millwrights Local Union No. 2484 v. Rust Eng’g Co., 433
S.W.2d 683, 686 (Tex. 1968); see also McDaniel v. Connelly, No.
13-08-00230-CV, 2008 Tex. App. LEXIS 5119, at *2 (Tex. App.–Corpus Christi July
7, 2008, pet. denied) (mem. op.).  Nearly a half century ago, the Texas Supreme
Court explained why competent evidence is required to support a request for
temporary injunction:

An applicant for a temporary
injunction seeks extraordinary equitable relief.  He seeks to immobilize the
defendant from a course of conduct which it may well be his legal right to
pursue.  Crowded dockets, infrequent jury trial weeks, or trial tactics can
often delay a trial of a case on its merits for many months.  The applicant
has, and in equity and good conscience ought to have, the burden of offering
some evidence which, under applicable rules of law, establishes a probable
right of recovery.  If not, no purpose is served by the provisions of Rule 680,
[Texas Rules of Civil Procedure], limiting the time for which a restraining
order granted without a hearing can operate and requiring a hearing before a
temporary injunction can issue.  If he cannot or does not discharge his burden
he is not entitled to extraordinary relief.  Writs of injunction should not
issue on mere surmise.

 

Camp v. Shannon, 162 Tex. 515, 519, 348
S.W.2d 517, 519 (1961).

The facts alleged in
the Barreras’ September 1, 2010 original petition were sworn to by Victor
Barrera; however, a sworn petition does not constitute evidence.  Millwrights
Local Union No. 2484, 433 S.W.2d at 686; Rogers v. Howell, 592
S.W.2d 402, 403 (Tex. Civ. App.–Dallas 1979, writ ref’d n.r.e.); see also
McDaniel, 2008 Tex. App. LEXIS 5119, at *2-3.

The Barreras’
petition incorporated by reference an affidavit by Victor Barrera stating in
part that “my wife and I will be irreparably harmed unless the Court intervenes
to enjoin the eviction because the loss of the unique real estate would leave
my wife and I without possession of their [sic] property and would be wrongful
. . . .”  However, in the absence of an agreement between the parties, the
proof required to support a judgment issuing a temporary injunction may not be
made by affidavit.  Millwrights Local Union No. 2484, 433 S.W.2d at 686;
see also McDaniel, 2008 Tex. App. LEXIS 5119, at *2.  No agreement
permitting Barrera’s affidavit to serve as evidence supporting the temporary
injunction appears in the record before this Court.

Finally, no witnesses
were sworn and no testimony was given at the September 14, 2010 hearing. 
Although counsel for both parties argued the merits of the temporary injunction
at that hearing, “remarks of counsel during the course of a hearing are not
competent evidence unless the attorney is actually testifying.”  Bay Fin.
Sav. Bank, FSB v. Brown, 142 S.W.3d 586, 590 (Tex. App.–Texarkana 2004, no
pet.) (citing Collier Servs. Corp. v. Salinas, 812 S.W.2d 372, 377 (Tex.
App.–Corpus Christi 1991, orig. proceeding)).  The record reflects that neither
attorney actually testified at the hearing.

            The
Barreras presented no evidence to support their request for temporary
injunction other than their sworn petition, affidavit, and argument of
counsel.  This is, in effect, no evidence, and the trial court therefore abused
its discretion by granting the temporary injunction.  See Operation
Rescue-Nat’l v. Planned Parenthood of Houston & Se. Tex., 975 S.W.2d
546, 560 (Tex. 1998) (“[A] trial court has no discretion to grant injunctive
relief . . . without supporting evidence.”); Alert Synteks, Inc. v. Jerry
Spencer, L.P., 151 S.W.3d 246, 253 (Tex. App.–Tyler 2004, no pet.) (“[I]t
is an abuse of discretion for a trial court to issue a temporary injunction
where no evidence that would support a temporary injunction was presented to
the trial court.”).  Appellants’ first issue is sustained.[6]

III. 
Conclusion

            We reverse the
judgment of the trial court granting appellees’ request for temporary
injunction, and we remand the cause for further proceedings consistent with
this opinion.

 

 

DORI CONTRERAS GARZA

Justice

 

Delivered
and filed the

3rd
day of March, 2011.









[1]
It is not clear from the record when Compass obtained the note and deed of
trust from its predecessor-in-interest, Laredo National Bank.

 





[2]
Trial court cause number C-2798-09-C.





[3]
Trial court cause number FD-062-10-31.  A default judgment was originally
entered in this case against the Barreras on May 3, 2010, ordering the Barreras
to vacate the subject property no later than May 11, 2010.  The default
judgment was then superceded by the Agreed Judgment of May 7, 2010.

 





[4]
Trial court cause number C-2749-10-C.

 





[5]
The Barreras have not filed an appellees’ brief to assist us in the resolution
of this matter.





[6]
Because this issue is dispositive of the appeal, we need not address
appellants’ remaining two issues.  See Tex.
R. App. P. 47.1.