

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00124-CV

———————————————

IN RE J.H. AND J.H., Relators

---

Original Proceeding
362nd District Court of Denton County, Texas
Trial Court No. 20-4843-362

---

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

### I. INTRODUCTION

Relators J.D.H. (Mother) and J.M.H. (Husband) filed a petition for writ of mandamus asking us to vacate the trial court's order denying their motion to dismiss and to vacate certain temporary orders issued by the trial court. Because a motion to dismiss was not the proper procedural vehicle in which to raise Relators' affirmative defense of limitations, and because Relators can still raise that affirmative defense in the trial court through a proper procedural vehicle, we deny mandamus relief.

### II. BACKGROUND

Mother and Husband have an open marriage, and Mother had an intimate relationship with real party in interest F.H. (RPI) during the marriage. While married to Husband, Mother gave birth to J.H. (Child) in February 2011. A paternity test administered about a week later revealed that RPI was Child's biological father. At the time of Child's birth, RPI was living in Houston. Four or five months after Child's birth, RPI moved in with Relators and lived with them and Child. RPI lived with Relators and Child from July 2011 through June 2013, when he briefly moved out, and again from June 2014 until June 2015, when he moved out for good.

In 2020, RPI filed the underlying suit to adjudicate paternity and suit affecting the parent-child relationship seeking conservatorship and child support. Relators filed a motion to strike and motion to dismiss on the grounds that RPI lacked standing to file suit. The trial court denied the motion to strike and motion to dismiss after a

2

hearing. Following that denial, Relators filed a petition for writ of mandamus with this court, arguing that the trial court abused its discretion by denying the motion to strike and motion to dismiss because RPI lacked standing. *See In re J.H.*, No. 02-20-00366-CV, 2021 WL 733083 (Tex. App.—Fort Worth Feb. 25, 2021, orig. proceeding) (mem. op.). We ultimately denied mandamus relief and held that RPI had standing to file the underlying suit. *Id.* at *2.

Relators later filed an answer in the trial court raising the statute of limitations as an affirmative defense and filed a motion to dismiss based on that defense. *See* Tex. Fam. Code Ann. § 160.607(a) ("[A] proceeding brought by a presumed father, the mother, or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than the fourth anniversary of the date of the birth of the child."). Following a hearing, the trial court denied Relators' motion to dismiss, and it granted temporary orders relating to the possession and support of Child. This mandamus followed.

## III. DISCUSSION

### A. Mandamus Standard

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *see In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it is a clear and prejudicial error of law or if it fails to correctly analyze or apply the law to the facts. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see also State v. Naylor*, 466 S.W.3d 783, 793 (Tex. 2015) (orig. proceeding) ("A writ of mandamus is an extraordinary remedy available 'to correct an action of a trial judge who commits an abuse of discretion or a violation of a clear duty under the law.'" (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding))). We defer to a trial court's factual determinations that have evidentiary support, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

The adequacy of an appellate remedy "has no comprehensive definition," but determining whether a remedy is adequate usually requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding) (quoting *In re Prudential Ins. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) ("Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review."). This balance depends heavily on the circumstances of each case and must

4

be guided by analyzing principles rather than applying simple rules that treat cases as categories. *McAllen Med. Ctr.*, 275 S.W.3d at 464.

An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Prudential*, 148 S.W.3d at 136. When the benefits of mandamus review outweigh the detriments, we must consider whether the appellate remedy is nonetheless adequate. *Id.* In evaluating the benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Team Rocket*, 256 S.W.3d at 262; *see also In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (per curiam) (orig. proceeding) (stating that the danger of permanently losing substantial rights arises when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made a part of the appellate record). We should also consider whether mandamus will allow us "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments" and "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *Team Rocket*, 256 S.W.3d at 262 (quoting *Prudential*, 148 S.W.3d at 136).

## B. Did the trial court clearly abuse its discretion and do Relators lack an adequate appellate remedy?

Relators argue that their affirmative defense of limitations has merit and that the trial court clearly abused its discretion by denying their motion to dismiss that was

based on limitations. Affirmative defenses, such as the running of limitations, should be raised through a motion for summary judgment or proven at trial, not raised through a motion to dismiss. *In re E.H.G*, No. 05-15-00439-CV, 2016 WL 4443544, at *4 (Tex. App.—Dallas Aug. 23, 2016, no pet.) (mem. op.); *McIntosh v. Partridge*, No. 01-12-00368-CV, 2013 WL 1790229, at *3 (Tex. App.—Houston [1st Dist.] Apr. 25, 2013, no pet.) (mem. op.); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.); *In re B.LA.*, No. 05-07-00933-CV, 2008 WL 2313658, at *1 (Tex. App.—Dallas June 6, 2008, no pet.) (mem. op.). Thus, the trial court could have properly denied Relators' motion to dismiss—hence not abusing its discretion—because a motion to dismiss was not the proper procedural vehicle for raising Relators' limitations defense.[1] Further, Relators have an adequate appellate remedy: they can raise their limitations defense through a motion for summary judgment or a motion at trial, and, if unsuccessful, they can raise their complaint on appeal by assigning error to the trial court's judgment following trial.[2]

---

[1]Relators' motion to dismiss cannot be reasonably construed as a motion for summary judgment. The motion was heard less than twenty-one days after it was filed, RPI did not file a response to the motion, and oral testimony was received at the hearing on the motion. *See* Tex. R. Civ. P. 166a(c).

[2]Relators' complaint regarding the temporary orders is entirely based on their limitations defense—a defense that can still be raised below. Relators claim that "[w]hen the affirmative defense of the statute of limitations is raised, the court must determine whether the statute of limitations applies before it can enter temporary orders." Relators have cited no authority for that proposition, and we have found none.

6

*See Williams v. Colthurst*, 253 S.W.3d 353, 359–60 n.3 (Tex. App.—Eastland 2008, no pet.).

## IV. CONCLUSION

We deny Relators' petition for writ of mandamus.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: July 15, 2021